UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

      Plaintiff,

v.

BELVEN I LLC, a Florida Limited Liability Company
and BASILICO RISTORANTE AT DORAL, INC., a Florida
Corporation d/b/a Basilico Ristorante at Doral,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated

mobility-impaired individuals (hereinafter "Plaintiff"), sues BELVEN I LLC, a Florida Limited

Liability Company, and BASILICO RISTORANTE AT DORAL, INC., a Florida Corporation

d/b/a Basilico Ristorante at Doral (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, a declaration of rights, attorneys' fees,

litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42

U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, et seq.

4.      Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5.      At all times material, Defendant, BELVEN I LLC, was and is a Florida Limited Liability Company, with its principal address in Broward County, Florida and with a place of business in Doral, Florida.

6.      At all times material, Defendant, BELVEN I LLC, owned and operated a shopping plaza located at 10405 N.W. 41 Street, Doral, FL 33178 (hereinafter the "plaza property") in Miami-Dade County, Florida.

7.      At all times material, Defendant, BASILICO RISTORANTE AT DORAL, INC. was and is a Florida Corporation, with its principal place of business, agents and/or offices in Doral, Miami-Dade County, Florida.

8.      At all times material, Defendant, BASILICO RISTORANTE AT DORAL, INC., owned and operated a restaurant business located at 10405 N.W. 41st Street, Doral, Florida 33178, which is a unit located within the above-mentioned property owned by Co-Defendant, BELVEN I LLC.  Defendant, BASILICO RISTORANTE AT DORAL, INC., holds itself out to the public as "Basilico Ristorante."

9.      Venue is properly located in the Southern District of Florida because Defendants' property and restaurant businesses are located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to this claims occurred in the City of Doral in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

10.     Although nearly twenty (20) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half (1½) years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

13.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.   DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.   He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14.     Defendant, BELVEN I LLC, owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein and to include the Co-Defendant's restaurant, and common areas.   It owns, operates and oversees said plaza property and businesses located in Doral, Florida that are the subject of this Action.

15.     The subject plaza property and restaurant business are open to the public and are located in Doral, Florida.   The individual Plaintiff visits the plaza property and restaurant business regularly, to include a visit to the property and restaurant business on or about March 7th, 2017 and encountered multiple violations of the ADA that directly affected his ability to use

and enjoy the property and restaurant business.  He plans to return to and often visits the plaza

property and restaurant, in order to avail himself of the goods and services offered to the public at

the businesses, if the property and restaurant business become accessible.

16.     Plaintiff visited the plaza property and restaurant business as a patron/customer,

regularly visits the restaurant and other plaza property businesses as a patron/customer, and

intends to return to the plaza property and restaurant business in order to avail himself of the

goods and services offered to the public at the property.   Plaintiff is domiciled nearby in the

same County and state as the property, has regularly frequented the Defendants' Doral plaza

location and restaurant for the intended purposes, and intends to return to the property within four

(4) months' time from the date of this Complaint.

17.     The Plaintiff found the plaza property and restaurant business to be rife with

ADA violations.   The Plaintiff encountered architectural barriers at the subject properties (the

plaza property in general, the restaurant, etc.), and wishes to continue his patronage and use of

each of the premises.

18.     The Plaintiff, DOUG LONGHINI, has encountered architectural barriers

that are in violation of the ADA, at the subject plaza property and restaurant business.

The barriers to access at Defendants' property and restaurant business each, have each

denied or diminished Plaintiff's ability to visit the property and restaurant and endangered his

safety.   The barriers to access, which are set forth below, have likewise posed a risk of

injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others

similarly situated.

19.     Defendant, BELVEN I LLC owns and operates a place of public

accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

36.201 (a) and 36.104.  Defendant, BELVEN I LLC, is responsible for complying with the

obligations of the ADA. The place of public accommodation that Defendant, BELVEN I LLC, owns and operates is the plaza property located at 10405 N.W. 41st Street, Doral, Florida 33178.

20.    Defendant, BASILICO RISTORANTE AT DORAL, INC., owns and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, BASILICO RISTORANTE AT DORAL, INC., d/b/a Basilico Ristorante at Doral, owns and operates is the restaurant business located at 10405 N.W. 41st Street, Doral, Florida 33178.

21.    Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described plaza property and restaurant businesses, but not necessarily limited to the allegations in Paragraph 23 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and restaurant business, in violation of the ADA. Plaintiff desires to visit the property, not only to avail himself of the goods and services available at the property and restaurant business, but to assure himself that the property and restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and restaurant business without fear of discrimination.

22.    Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the shopping plaza property and restaurant therein, as prohibited by 42 U.S.C. § 12182 et seq.

23.    Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992

(or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the property and restaurant business, include but are not limited to, the following:

### a.   BELVEN I LLC (Plaza Property) VIOLATIONS

### Entrance Access and Path of Travel

1) The Plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2) The Plaintiff had difficulty entering some of the tenant spaces as the door thresholds were too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG and Sections 404.2.5, 302 and 303 of the 2010 ADA Standards, whose resolution is readily achievable.

3) The Plaintiff could not enter some of the entrances without assistance as the required level landing is not provided. Violation:   A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG and Sections 404.2.4.4 and 302 of the 2010 ADA Standards, whose resolution is readily available.

4) The Plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG and Sections 406.1 and 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

5) The Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

6) The Plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There is no accessible routes from the public sidewalks, bus stops and between the buildings.   These are violations of the requirements in Section 4.3.2 of the ADAAG and Section 206.2.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### b. <u>BASILICO RISTORANTE AT DORAL, INC. VIOLATIONS</u>
### <u>Access to Goods and Services</u>

1) The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

2) The Plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG and Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

3) The Plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Public Restrooms

1) The Plaintiff could not use the coat hook without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

2) The Plaintiff could not use the lavatory as the pipes were not wrapped. Violation: The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.19 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

3) The Plaintiff could not close the stall door as it was not self-closing and did not have required door hardware. Violation: The stall door does not provide the required stall door hardware in violation of Sections 604.8.1.2, 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

4) The Plaintiff had difficulty using the side grab bar as it was not mounted are the required location from the wall. Violation: The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Sections 604.5.1 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

5) The Plaintiff could not enter the restroom without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

6) There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and

703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

24.   The discriminatory violations described in Paragraph 23 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.   A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.   Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to

discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendants is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at 10405 N.W. 41st Street, Doral, Florida 33178, the interiors, exterior

areas, and the common exterior areas of the property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures their violations of the ADA.

      WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

      Dated: March 17th, 2017

                      **GARCIA-MENOCAL & PEREZ, P.L.**

                      *Attorneys for Plaintiff*
                      Marina Lakes, No.3
                       4937 S.W. 74th Court
                      Miami, FL 33155
                      Telephone:   (305) 553-3464
                      Facsimile:   (305) 553-3031
                      Primary E-Mail:   ajperez@lawgmp.com
                      Secondary E-Mails:ajperelaw@gmail.com,
                       agarciamenocal@gmplaw.com and
                       agmlaw@bellsouth.net

                      By: ___*/s/ Anthony J. Perez*_____

ANTHONY J. PEREZ
Florida Bar No.: 535451
ALFREDO GARCIA-MENOCAL
Florida Bar No.: 533610